IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| JONATHAN MAXWELL, #275 524 | * | |
| Petitioner, | * | |
| v. | * | 3:11-CV-298-TMH |
| | | (WO) |
| WARDEN J.C. GILES, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief filed by Petitioner, Jonathan Maxwell. In this petition Petitioner challenges the constitutionality of state criminal charges pending against him pursuant to orders of the District Court for Tallapoosa County, Alabama.[1] Petitioner is currently incarcerated at the Ventress Correctional Facility following the revocation of his parole in December 2010 on his 2009 conviction for possession of a controlled substance.

In an answer filed on May 6, 2011 Respondents assert that Petitioner has failed to

---

[1] Petitioner filed this action on a form for use in filing habeas corpus applications under 28 U.S.C. § 2254 and it was docketed as such. (*See Doc. No. 1*.) Based on Respondents' answer and supporting evidentiary materials it is clear, however, that Petitioner seeks to challenge criminal charges pending against him before the District Court for Tallapoosa County, Alabama. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Hughes v. Attorney Gen. of Florida,* 377 F.3d 1258, 1261 (11th Cir. 2004) (stating that pre-trial habeas challenge to state custody is properly brought under § 2241); *Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir. 2003) (same); *Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceeding as brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 ); *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) (same). Thus, this court considers Petitioner's petition as seeking relief pursuant to § 2241.

exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, Respondents maintain that Petitioner's claim of speedy trial violations may properly be brought in the ongoing criminal cases via various state court remedies in which he may present and/or fully exhaust his speedy trial claims. (*Doc. No. 9 at pgs. 4-6*.) In light of this argument, the court entered an order affording Petitioner an opportunity to show cause why this habeas petition should not be dismissed for his failure to exhaust remedies available to him in the state courts. (*See Doc. No. 10*.) Petitioner has filed nothing in response to this order.

## I. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to" Petitioner as he challenges the validity of state court actions which resulted in his confinement and remain a potential basis for his confinement until resolution of the criminal charges pending against him in the state courts of Tallapoosa County, Alabama. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because

the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and that the petition be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **July 22, 2011** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of July 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE